UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN KNOEFEL, | ) | CASE NO. 1:20-cv-1529 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET M. BRENNAN |
| | ) | |
| | ) | |
| | ) | |
| WARDEN MICHAEL PHILLIPS, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation ("R&R") of the Magistrate Judge (Doc. No. 10) filed by Petitioner Kevin Knoefel.[1]  Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein.  Therefore, it is ordered that the petition is hereby DENIED, and this matter is hereby DISMISSED.

I. **STANDARD OF REVIEW**

When a party timely objects to a Magistrate Judge's report and recommendation on a dispositive matter, the district court must conduct a de novo review of the portions of the report and recommendation to which a proper objection is made.  28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  After review, the district judge "must consider timely objections and modify or set aside any part of the order that is

---

[1] The R&R (Doc. No. 10) contains a detailed factual and procedural background of this case.

clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

A general objection – "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before" – is not considered a proper objection for the district court's de novo review. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* LR 72.3(b) (stating that any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). A general objection to an R&R has the same effect as a failure to object: a general objection waives de novo review by the district court and any later appellate review of the district court's decision. *Aldrich*, 327 F. Supp. 2d at 747–48.

In conducting its de novo review in the habeas context, this Court must be mindful of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Section 2254(d) reflects the view that "[t]he writ of habeas corpus is an 'extraordinary remedy' that guards only against 'extreme malfunctions in the state criminal justice system.'" *Shinn v. Ramirez*, 142 S. Ct. 1718, 1731 (2022) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-103 (2011).

## II. FIRST CLAIM FOR RELIEF: INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner raises three objections to the R&R's analysis of his First Claim for Relief: Denial of Effective Assistance of Counsel.

First, Petitioner challenges the Magistrate Judge's finding that his ineffective assistance of counsel claim was meritless. The objection reads as follows:

> Petitioner does not dispute the legal standard set forth in the Magistrate's Report and recommendation. However, pursuant to 28 U.S.C. 2254(b), the Ohio Courts[] unreasonably determined that Petitioner failed to meet the requirements under *Strickland*. Petitioner raised legitimate, factual issues regarding the ineffectiveness of counsel. The most egregious being the complete disregard for Petitioner's challenge to effectiveness outlined in his Petition for Post-Conviction Relief. It was objectively unreasonable to find that counsel was effective.

(Doc. No. 11 at PageID 5127.)

This objection is hardly more than a general objection, as it fails to identify any specific problems with the Magistrate Judge's analysis. *See Aldrich*, 327 F. Supp. 2d at 747. But to the extent it is more than a general objection, the objection fails. In the R&R, the Magistrate Judge devotes eight pages to addressing the merits of the ineffective assistance of counsel claim, providing analysis for each reason Petitioner claims he was robbed of effective counsel. And after a thorough review of this analysis, the Court adopts this portion of the R&R. As the R&R notes (and Plaintiff concedes in his objection), Plaintiff must satisfy a demanding standard to prevail because the deferential *Strickland* and AEDPA standards require that he prove – not that counsel's actions were merely unreasonable – but that there is no reasonable argument that counsel satisfied *Strickland*'s deferential standard. *Harrington*, 562 U.S. at 105. Here, the R&R correctly concludes that Plaintiff cannot satisfy this difficult standard.

Second, Petitioner alleges that the States Court's conclusion "that Petitioner could not challenge ineffectiveness in his Post-Conviction proceedings, due to res judicata, was

unreasonable."[2] (Doc. No. 11 at PageID 5127.) Again, this objection fails to identify any deficiency in any of the Magistrate Judge's reasons for denying relief from the state courts' findings on res judicata. Specifically, the R&R articulates that this is not a cognizable claim for habeas relief because it is a state law claim, as opposed to a federal habeas claim. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Landrum v. Mitchell*, 625 F.3d 905, 934 (6th Cir. 2010) (finding that an Ohio court's application of res judicata was an independent state ground, which foreclosed habeas relief). Further, the R&R notes that if this claim were cognizable, it is meritless because the appellate court overruled the trial court's application of res judicata as to most of his ineffective assistance arguments and then conducted an independent review of them on the merits. (Doc. No. 7-2 at Page ID 1840-42.) And for the one ineffective assistance argument that the appellate court determined the lower court properly applied res judicata, the appellate court found that the issue was fully litigated and reviewed by another appellate court. (*Id.* at PageID 1840; Doc. No. 7-1 at PageID 355-57.) After reviewing the caselaw and record, the Court adopts these reasons for denying relief due to any issues surrounding the state courts' application of res judicata.

Third, in his last ineffective assistance of counsel objection, Plaintiff asserts that regardless of whether his claims pass scrutiny under *Strickland* and the AEDPA, "his claims can still survive if failure to consider them will result in a fundamental miscarriage of justice."

---

[2] It is unclear why Plaintiff makes this objection under the First Claim for Relief heading in his Objection motion when his habeas petition raises this issue as his Fourth Claim for Relief.

(Doc. No. 11 at Page ID 5128.)  Petitioner then explains that he "is serving a life term with no ability to hold his trial counsel accountable for his ineffectiveness," and "[i]t would be a miscarriage of justice if he were not given the opportunity to be heard on this claim in his Habeas Petition."  (*Id.*)  This objection fails because multiple courts have reviewed – and found meritless – his ineffective assistance of counsel claim, including the Magistrate Judge in the R&R to which he is now objecting.  And, as stated above, the Magistrate Judge correctly determined that the state courts' handling of his ineffective assistance of counsel claim did not entitle him to habeas relief.  In the end, there is "no miscarriage of justice" here because multiple courts have reviewed this argument and determined that it lacked merit.

### III. THIRD CLAIM FOR RELIEF: DUE PROCESS VIOLATION

Petitioner's final objection is related to the Magistrate Judge's findings on his third claim for relief.  It reads as follows:

> The Report and Recommendation of Magistrate Judge Thomas Parker suggests that Petitioner's third claim is defaulted and cannot be excused on miscarriage of justice grounds.  In his report and recommendation, Magistrate Jude Parker claims that Petitioner's claims of manifest injustice are of legal insufficiency, as opposed to actual innocence.  Petitioner has maintained his innocence from the very beginning when he was implicated by Ms. Zunich six months after his wife's murder.  The material that was withheld by the government directly bolstered Petitioner's claim of actual innocence.  Magistrate Judge Parker suggests that the interview in question would simply serve as impeachment, however, the newly provided evidence served to bolster Petitioner's infinite claim of actual innocence.
>
> The dread that an innocent person's life may be forfeited due to an unfair proceeding has historically been recognized as on[e] that makes the issuance of a writ of habeas corpus felicitous.  The State of Ohio withheld information that called into question the veracity of the verdict.  It would certainly be a miscarriage of justice to leave this left unexplored, especially when Petitioner's life is in the balance.  As such Petitioner's third claim for relief should not be dismissed.

(*Id.* at PageID 5128 (citations omitted).)

Like his previous objections, this objection fails because it ignores the reasons outlined in

the Magistrate Judge's R&R.   The R&R has an entire section that assumes Plaintiff can overcome the procedural default issue and addresses the merits of Plaintiff's due process claim. To have a valid Due Process Claim based on the prosecution's withholding of evidence, the withheld evidence must have been available to the prosecution before sentencing.  *Dist. Attorney's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 68-69 (2009) (noting that *Brady* does not apply when exculpatory evidence is obtained after the defendant is found guilty); *see Waterford v. Washburn*, 455 F. Supp. 3d 579, 610-11 (M.D. Tenn. 2020); *Gavitt v. Born*, 835 F.3d 623, 648 (6th Cir. 2016); *Howard v. Burt*, No. 17-1285, 2017 WL 3425900, at *4 (6th Cir. Aug. 9, 2017).   After a thorough review of the facts, the Magistrate Judge correctly found that Plaintiff could not show that the prosecution came into possession of the evidence until *after* he was sentenced.   Additionally, the R&R points out that Plaintiff could not prevail on his Due Process claim because the jury heard evidence that was similar to the allegedly withheld evidence, making him unable to satisfy the materiality element of a *Brady* claim.   Therefore, the Magistrate Judge correctly concluded that – even assuming Plaintiff could overcome the procedural default (which the R&R also correctly determined he could not) – Plaintiff's Third Claim for Relief fails.[3]

---

[3] Plaintiff's objection regarding his Third Claim for Relief is that the Magistrate Judge erred by not addressing his Due Process claim on the merits, as the Magistrate Judge improperly concluded that Plaintiff could not overcome the procedural default issue since the newly acquired evidence could not establish actual innocence.   Having concluded that the text of the R&R is directly contrary to this point, Plaintiff has forfeited any right to de novo review, as well as his right to appeal, the portion of the R&R that evaluates the merits of his Due Process claim. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985) ("[B]y precluding appellate review of any issue not contained in the objections, [the court] prevents a litigant from 'sandbagging' the district court judge by failing to object and then appealing.").   This rule applies to all other portions of the opinion to which Plaintiff has not raised any objections.   *Id.*   Nevertheless, on independent review, the Court finds no errors with any of the R&R's findings.

IV. **CONCLUSION**

Knoefel's objections are hereby overruled. The R&R is hereby ADOPTED IN WHOLE, and Knoefel's petition is hereby DENIED.

The Court certifies that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Date: June 17, 2022

BRIDGET M. BRENNAN
UNITED STATES DISTRICT JUDGE